IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FORREST W. PHILLIPS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HUNTER MARINE TRANSPORT, INC., )<br>)<br>Defendant. ) | Case No. 09-cv-0997-MJR-CJP |

MEMORANDUM AND ORDER

REAGAN, District Judge:

  A. Introduction

  Alleging that he sustained injuries while working on the marine vessel "L.R. Chapman" in April 2009, relief mate Forrest Phillips sued his employer – Hunter Marine Transport, Inc. ("Hunter") under the Jones Act, 46 U.S.C. §§ 30101-06 (count I), and general maritime law (counts II and III). Hunter answered the complaint in April 2010 and included a two-count counterclaim against Phillips. That counterclaim lies at the heart of the matter now before this Court.

  The counterclaim alleges that Phillips materially misrepresented facts and committed fraud in concealing from Hunter prior medical problems with his arm, shoulder and neck, in failing to list these conditions on a "Boarding and Departure Report" on March 14, 2009, in falsely reporting that the injuries were sustained *while on the tow of the L.R. Chapman on April 14, 2009*, and in accepting maintenance and cure, wage supplements and other payments totaling more than $93,000 between May 1, 2009 and March 4, 2010.

The Court enjoys subject matter jurisdiction over Phillips' complaint and Hunter's counterclaim – the former via the federal question and admiralty/maritime statutes (28 U.S.C. § 1331 and § 1333)[1] and the latter via the federal diversity statute (28 U.S.C. § 1332). The case currently is set for bench trial (as to Phillips' complaint) commencing April 11, 2011. A jury has been demanded as to Hunter's counterclaim (see Doc. 16, p. 1 & 4).

Now before the Court, fully briefed , is Phillips' motion to dismiss Hunter's counterclaim for failure to plead allegations with sufficient particularity. For the reasons stated below, the Court grants the motion.

B.      Analysis

The Jones Act creates a federal negligence remedy for seamen injured in the course of their employment. *Howard v. Southern Illinois Riverboat Casino Cruises, Inc.*, **364 F.3d 854, 855 (7th Cir.),** *cert. denied*, **543 U.S. 942 (2004); 46 U.S.C. App. § 688(a)**. Congress provided seamen with "heightened legal protection," in recognition of their exposure to "perils of the sea." *Id.*, **364 F.3d at 856,** *quoting Chandris, Inc. v. Latsis*, **515 U.S. 347, 368 (1995).**

Forrest Phillips asserts a claim based on Jones Act negligence, plus a claim for unseaworthiness under general maritime law and a claim for maintenance and cure.

---

[1] "Article III of the Constitution grants federal jurisdiction over 'all Cases of admiralty and maritime Jurisdiction,'" and § 1333 confers on federal district courts "original jurisdiction, exclusive of the courts of the States" over "any civil case of admiralty or maritime jurisdiction." *Scott v. Trump Indiana, Inc.*, **337 F.3d 939, 942 (7th Cir. 2003).**

A "Jones Act claim is an in personam action for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew members." *Lewis v. Lewis & Clark Marine, Inc.*, **531 U.S. 438, 441 (2001).** Unseaworthiness is a claim under general maritime law "based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea," and a maintenance and cure claim "concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship." *Id.*

Hunter's counterclaim is divided into dual counts, one captioned "Material Misrepresentation" and the other captioned "Fraud" (Doc. 16, pp. 4-8). Both counts seek to recover from Phillips all payments made to him (for maintenance, cure, wage supplements, expenses, etc.) on the ground that he concealed a prior medical problem, misrepresented material facts in reporting an injury he claimed to have sustained on the tow of the L.R. Chapman, and knowingly accepting payments to which he was not entitled.

Both counts of the counterclaim allege fraudulent conduct by Phillips, and Phillips seeks to dismiss them for failure to plead that fraud with sufficient particularity. The motion cites Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 9(b) (*see* Doc. 19, p. 1).

Rule 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. Such dismissal is merited if the complaint (or counterclaim) does not plead sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, **– U.S. –, 129 S. Ct. 1937, 1949 (2009);** *Bell*

*Atlantic Corp. v. Twombly*, **550 U.S. 544, 570 (2007).**

Additionally, fraud-based claims are subjected to Rule 9(b)'s heightened pleading requirements, "which means that the circumstances constituting the fraud must be pleaded 'with particularity.'" *Crichton v. Golden Rule Insurance Co.*, **576 F.3d 392, 395 (2009); Fed. R. Civ. P. 9(b)("In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake.").**

The United States Court of Appeals for the Seventh Circuit has explained what is needed to satisfy this requirement.

> The circumstances of fraud or mistake include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.

*Windy City Metal Fabricators and Supply, Inc. v. CIT Technology Financing Services, Inc.*, **536 F.3d 663, 668 (7th Cir. 2008),** *citing General Electric Capital Corp. v. Lease Resolution Corp.*, **128 F.3d 1074, 1078 (7th Cir. 1997).** This set of details sometimes is referred to as the "who, what, when, where, and how: the first paragraph of any newspaper story." *See, e.g., DiLeo v. Ernst & Young*, **901 F.2d 624, 627 (7th Cir.),** *cert. denied*, **498 U.S. 941 (1990).**

In the case at bar, Phillips concedes that paragraph 11(a)-(c) of the counterclaim furnishes the content of the allegedly fraudulent statements (the "what") but maintains that it fails to supply the time, place and person elements (the who, where, when and how). Phillips argues that paragraph 11(d) supplies the time and content but fails to allege the place of and person to whom the statements were made.

Defendant Hunter responds by generally agreeing that Rule 9(b) requires particularity but suggesting that the requirement should be less stringently enforced when the time, place and content lie uniquely within the knowledge of the person charged with the fraud, such as the plaintiff himself. Hunter cites a single District Court opinion for this proposition (Doc. 23, p. 2, *citing P&P Marketing, Inc. v. Ditton*, 746 F. Supp. 1354, 1363 (N.D. Ill. 1990)). Hunter contends that the existing counterclaim suffices to enable Plaintiff to prepare an informed reply to the fraud allegations.

Alternatively, Hunter seeks leave to file a first amended counterclaim to "allege with more particularity" the elements of its counterclaim – e.g., the specific persons to whom Plaintiff made the specific statements on which the counterclaim rests (Doc. 23, p. 2). The Court believes amendment to be simple, prudent and helpful herein. Accordingly, the Court will dismiss the existing counterclaim and allow Hunter an opportunity to amend it.

C. Conclusion

For the above-stated reasons, the Court **GRANTS** Plaintiff's motion to dismiss counterclaim (Doc. 19) and **DIRECTS** Defendant Hunter to file a First Amended Answer and Counterclaim no later than August 2, 2010.

IT IS SO ORDERED.

DATED July 9, 2010.

s/ Michael J. Reagan  
Michael J. Reagan  
United States District Judge